UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RIKKI ADAMS,

        Petitioner,

    -v-                                    08-CV-0121(MAT)
**ORDER**

SUPERINTENDENT KHAHAIFA,
Orleans Correctional Facility,

        Respondent.

---

## I. Introduction

*Pro se* petitioner Rikki Daryl Adams ("petitioner") has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Monroe County Court of Arson in the Third Degree (N.Y. Penal L. § 150.10(1)), following a jury trial before Judge Frank P. Geraci, Jr. He was subsequently sentenced to an indeterminate term of imprisonment of five to fifteen years. S.20.[1]

## II. Factual Background and Procedural History

On the evening of September 14, 2003, petitioner set fire to a house in the Susan B. Anthony historic district in the City of Rochester. The house belonged to Pepsy Kettavong ("Kettavong"), a Laotian immigrant who resided next door and was renovating the neighboring property. Petitioner burned Kettavong's house in retaliation for Kettavong's complaints to the city about debris and

---

[1] Citations to "S.___" refer to the sentencing transcript; citations to "T.___" refer to the trial transcript.

old cars in petitioner's yard, who lived across from Kettavong's properties.

Two witnesses testified for the prosecution that petitioner admitted to them that he started the fire, that they saw petitioner riding his motorcycle with something on the back that appeared to be an orange gas tank, and that during the fire, they both observed petitioner, who had been drinking, jump up and down saying, "burn, motherfucker." Another witness heard petitioner say on several occasions that he was "going to get" Kettavong.

Following petitioner's arrest the night of the fire, he was found to have a barbeque lighter in his pocket and his clothing and hands smelled of gasoline. An investigation by the Rochester Fire Department revealed that the fire originated in the rear corner of the first floor, and that it was incendiary in nature.

Petitioner testified in his own defense at trial, denying his involvement with the fire. The defense argued that petitioner would have no motive to burn Kettavong's house, and that petitioner did not know who made the complaints to the city regarding the condition of petitioner's property. T. 273-78, 284, 288-290, 388-93, 415-22, 355-59, 380, 422-45, 450-52, 461-87, 575-640.

Through counsel, petitioner filed a direct appeal to the Appellate Division, Fourth Department, arguing three points: (1) expert opinion testimony at trial invaded the province of the jury; (2) an investigator's testimony rendered the proceedings

defective; and (3) petitioner was subjected to a *de facto* arrest without probable cause. Appx. B. He also filed a *pro se* supplemental brief with his appeal, which included the following arguments: (1) the petitioner was deprived of a fair trial based on discovery and subpoena errors; (2) the evidence was legally insufficient to support the conviction; (3) prosecutorial misconduct; (4) cumulative errors at trial denied petitioner due process and a fair trial; and (5) the sentence was harsh and excessive. Appx. C. The Fourth Department unanimously affirmed the judgment of conviction. <u>People v. Adams</u>, 43 A.D.3d 1423 (4th Dept. 2007); <u>lv denied</u>, 9 N.Y.3d 1004 (2007); Respondent's Appendix ("Appx.") A.

Petitioner also filed two motions to vacate the judgment of conviction pursuant to N.Y. Crim. Proc. L. ("C.P.L.") § 440.10 in Monroe County Court. The first, dated August 7, 2005, alleged that the prosecutor's conduct at petitioner's trial deprived him of due process, and that newly discovered evidence existed that required the court to vacate his conviction. Appx. I. In the second motion, dated June 21, 2007, petitioner made another claim of prosecutorial misconduct and that his trial counsel was constitutionally ineffective. Appx. P. Both motions were denied on procedural grounds. Appx. L, S.

The instant petition for writ of habeas corpus (Dkt. #1) was filed with this Court on February 12, 2008. Therein, petitioner

seeks relief on the following grounds: (1) ineffective assistance of trial counsel; (2) the prosecution violated discovery demands; (3) the fire department violated subpoena orders; (4) the evidence was legally insufficient to support the conviction; (5) prosecutorial misconduct; (6) cumulative errors denied petitioner a fair trial; and (7) petitioner's arrest was made without probable cause. Petition ("Pet.") ¶ 19(A)-(H).

For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A. General Principles Applicable to Federal Habeas Review**

        **1. Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

        **2. Exhaustion Requirement and Procedural Default**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not

be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir.1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263 n.9 (1989); other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Grey, 933 F.2d at 120. The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977).

**B.   Merits of the Petition**

   **1.   Ineffective Assistance of Trial Counsel**

Petitioner claims here, as he did on direct appeal, that his trial counsel was ineffective on myriad grounds. Pet. ¶ 19(A). The Appellate Division rejected petitioner's contention on the merits. People v. Adams, 43 A.D.3d 1423, 1424 (4th Dept. 2007). Petitioner alleges, *inter alia*, that his attorney's conduct was deficient for: (1) failing to seek a contempt order against the fire department with respect to subpeonaed materials; (2) failing to use an investigator; (3) failing to seek a circumstantial evidence charge; and (4) failing to preserve allegations of error with respect to the prosecutor's summation remarks.[2] Pet. ¶ 19(A)(c), (d), (g), (i).

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must

---

[2] The additional grounds on which petitioner's ineffective assistance claim is based were raised in petitioner's second § 440.10 motion. That motion was denied pursuant to § 440.10(2)(b) because the claims therein were reviewable on direct appeal, and petitioner's appeal was pending at the time. Appx. S at 3. The state court observed that the record in this case would have permitted adequate review of the issues surrounding petitioner's ineffectiveness claim. Id. at 4. Petitioner did not raise those grounds in his direct appeal, and those claims are technically unexhausted for purposes of habeas review. Petitioner has already filed his one direct appeal to the Fourth Department, and was denied leave to appeal to the New York Court of Appeals. See Aparicio v. Artuz, 269 F.3d 78, 91 (2001); N.Y. Court Rules § 500.20. While petitioner may still seek collateral review in state court, his claims would be procedurally barred under New York law for unjustifiably failing to raise those claims on direct appeal. Aparaicio, 269 F.3d at 91 (citing C.P.L. § 440.10(2)(c)). Because petitioner no longer has a forum in state court in which to raise these claims, the Court deems them exhausted but procedurally barred. Furthermore, petitioner has not alleged cause for the procedural bar and prejudice resulting therefrom, nor has he alleged that he is actually innocent. Thus, the remaining grounds are not reviewable in this proceeding.

6

show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. <u>Id.</u> at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." <u>Id.</u> To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," <u>id.</u>, and may not second-guess defense counsel's strategy. <u>Id.</u> at 690.

Here, petitioner has failed to demonstrate that his counsel's conduct was deficient within the meaning of <u>Strickland</u>, and that, but for the deficiency, the result of his trial would likely have been different.

First, counsel was not deficient for failing to seek a contempt order against the fire department as the record shows that the records were ultimately received by the defense. <u>See</u> T. 2-12. Second, petitioner's assertion that a fire investigator should have

7

been called for the defense is wholly conclusory. Given the overwhelming evidence of petitioner's guilt, it cannot be said that the failure to consult an investigator was prejudicial to petitioner's case. Third, Petitioner was not entitled to a circumstantial evidence charge under New York law because there was direct evidence linking him to the crime. See People v. Guidice, 83 N.Y.2d 630 (1994). Accordingly, counsel cannot be faulted for failing to request such a charge. See Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001) ("when a trial court's instruction is legally correct as given, the failure to request an additional instruction does not constitute deficient performance."). Finally, petitioner's prosecutorial misconduct claim, as discussed below, is lacking in merit. It was not, therefore, prejudicial for defense counsel not to object to the prosecutor's remarks.

For the foregoing reasons, I find that the Appellate Division's adjudication that petitioner was not denied the effective assistance of counsel was not an unreasonable application of Supreme Court law as set forth by Strickland v. Washington. Accordingly, this claim is denied.

### 2. Insufficiency of the Evidence

Petitioner next contends that the trial evidence was legally insufficient to support his conviction for Arson in the Third Degree. Pet. ¶ 19(D)-(E). The Appellate Division rejected petitioner's argument on the merits:

> [T]he evidence is legally sufficient to support the conviction, i.e., "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial." The People presented evidence establishing that defendant had stated that he "was going to get" the arson victim, he wanted the building to burn down once it caught fire, he admitted setting the fire, and his hands smelled of gasoline.

Adams, 43 A.D.3d at 1424 (quoting People v. Bleakley, 69 N.Y.2d 490 (1987).

When a petitioner for habeas corpus challenges the sufficiency of the evidence presented at trial, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

As the Appellate Division concisely articulated, evidence was introduced at petitioner's trial that: (1) petitioner admitted to setting the fire; (2) he was angry with Kettavong and was "going to get" him; (3) he watched the house burn, jumping up and down and yelling, "burn, motherfucker"; and (4) police recovered a lighter in petitioner's pocket and he smelled of gasoline upon his seizure. Any rational trier of fact could have petitioner guilty of third-degree arson, which requires proof that a person "intentionally damages a building . . . by starting a fire or causing an explosion." See N.Y. Penal L. § 150.10.

9

Accordingly, the Court finds that the state court's adjudication of the petitioner's claim that the evidence was legally insufficient was contrary to, or an unreasonable application of Jackson. Habeas relief is therefore not available to petitioner on this ground.

### 3. Prosecutorial Misconduct

Petitioner argues that the prosecutor's comments during his summation "went beyond the introduced evidence," misstated the evidence, and exceeded the bounds of proper advocacy. Pet. ¶ 19(F). The Appellate Division denied petitioner's claim on the merits. Adams, 43 A.D.3d at 1424.

In order to obtain habeas relief based upon the misconduct of a prosecutor, "[i]t is not enough that the prosecutor's remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation marks and citation omitted). Rather, a constitutional violation will be found only when the prosecutor's remarks "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Gonzalez v. Sullivan, 934 F.2d 419, 424 (2d Cir. 1991) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). Moreover, a prosecutor's remarks during summation are grounds for reversal "only when the remarks caused 'substantial prejudice' to the defendant." Id. (citations omitted). Whether the comments caused substantial prejudice to the petitioner is to be assessed by

considering "'the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements.'" Floyd v. Meachum, 907 F.2d 347, 355 (2d Cir. 1990) (quoting United States v. Modica, 663 F.2d 1173, 1181 (2d Cir.1981), cert. denied, 456 U.S. 989 (1982)).

Following a review of the entire trial transcript, including the parties' summations, I find that petitioner's allegations that the prosecutor "bolstered an uncalled witness," "misquoted defense counsel," and told the jury that petitioner "hated the victim" draw no support from the record. See Pet. ¶ 19(F)(a),(e); see T. 753-764.

Petitioner also complains that the prosecutor called him "a liar a half a dozen times during the course of his closing argument." Pet. ¶ 19(F)(b). The prosecutor did make several remarks targeting the credibility of petitioner's testimony, although he did not specifically use the term "liar" in his summation.[3] The Supreme Court has long held that when a criminal defendant testifies at trial, his credibility may be impeached and his testimony challenged like any other witness. See, e.g., Brown v. United States, 356 U.S. 148, 154 (1958); accord Portuondo v.

---

[3] For example, the prosecutor said in his closing remarks: "You know, the defendant is presumed innocent until you could go back into the jury room. There's no burden for him to prove his innocence. But when he takes that stand and he testifies you get to evaluate him just like every other witness and give it no greater weight. If you are evaluating him and you find out that he is not telling the truth, that you won't by [sic] a used car from him, ask why. Maybe he has something to hide. And he does have a problem with the truth. He has a problem telling it." T. 764.

11

Agard, 529 U.S. 61, 69 (2000). Here, the prosecutor's comments amounted to nothing more than strong rhetoric regarding the overall proof at trial, and the petitioner's testimony relating thereto. These comments did not so profoundly affect the jury as to render the entire trial fundamentally unfair, particularly in light of other persuasive evidence demonstrating petitioner's guilt. Donnelly, 416 U.S. at 646-47. Moreover, I do not find the remarks to be improper or inflammatory. See United States v. Peterson, 808 F.2d 969, 977 (2d Cir. 1987) ("Use of the words 'liar' and 'lie' to characterize disputed testimony when the witness's credibility is clearly in issue is ordinarily not improper unless such use is excessive or is likely to be inflammatory."). It is also worth noting that petitioner did not object to the prosecutor's comments suggesting that petitioner was not truthful in his testimony.

In sum, it cannot be said that the state court's adjudication of petitioner's claim of prosecutorial misconduct was contrary to or involved an unreasonable application of clearly established federal law. Habeas relief is denied on this claim.

### 4. Compulsory Process

Petitioner alleges that he was denied his right to compulsory process under the Sixth Amendment because the Rochester Fire Department refused to comply with a subpoena duces tecum Pet. ¶ 19(C). Again, petitioner's argument was rejected on the merits by the Appellate Division. Adams, 43 A.D.3d at 1424.

The Sixth Amendment to the Federal Constitution guarantees every criminal defendant "the right ... to have compulsory process for obtaining witnesses in his favor...." U.S. Const. amend. VI. The Supreme Court has held that the right to compel the attendance of witnesses is a fundamental element of due process. Washington v. Texas, 388 U.S. 14, 19 (1967).

The record indicates that the trial court signed the subpoena for the fire department records and the records were made available to the petitioner. T. 2-12, 182, 187-192. Petitioner, therefore, has failed to state a factual basis for his constitutional claim, and it is therefore dismissed.

5. **Claims not Cognizable on Habeas Review**

   a. **Fourth Amendment Violation**

Petitioner argues that he was subject to a *de facto* arrest without probable cause. Pet. ¶ 19(H). A pre-trial hearing was conducted on petitioner's motion to suppress certain evidence. See Appx. A at 40-42; Hr'g Mins. dated 5/11/2004 at 3-12. The trial court denied petitioner's suppression motion, finding that the information that police had obtained from the witnesses established probable cause for petitioner's arrest. Id. at 16-19. On direct appeal, petitioner claimed for the first time that the lighter recovered from his person should have been suppressed because he was illegally seized. The Fourth Department ruled that petitioner's contention was unpreserved. Adams, 43 A.D.3d at 1424.

13

Pursuant to Stone v. Powell, 428 U.S. 465 (1976), a petitioner's claim that his seizure violated the Fourth Amendment is barred from federal habeas corpus review unless the state denied him a full and fair opportunity to litigate that claim. The Second Circuit has noted that Stone requires only that "the state have provided the *opportunity* to the state prisoner for full and fair litigation of the Fourth Amendment claim." Gates v. Henderson, 568 F.2d 830, 839 (2d Cir. 1977) (en banc), cert. denied, 434 U.S. 1038 (1978) (emphasis added). A federal court may undertake habeas review only in one of two instances: (1) "if the state provides no corrective procedures at all to redress Fourth Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process. . . ." Id. at 840; accord Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

A petitioner receives a "full and fair opportunity" to litigate his Fourth Amendment claim where the state provides a "'statutory mechanism' for suppression of evidence tainted by an unlawful search and seizure." McPhail v. Warden, Attica Corr. Facility, 707 F.2d 67, 69 (2d Cir. 1983). Here, New York clearly affords defendants the requisite corrective procedures. See C.P.L. § 710.10 et seq.; see also Capellan, 975 F.2d at 70 (noting that "federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. Law § 710.10

et seq. (McKinney 1984 & Supp.1988) as being facially adequate"). Federal scrutiny of petitioner's claim is not warranted unless he demonstrates that he was precluded from using that procedure by an unconscionable breakdown in the review process. See Shaw v. Scully, 665 F.Supp.859, 863-64 (S.D.N.Y. 1987). Petitioner may not raise his Fourth Amendment claim on habeas review because he was provided with, and fully availed himself of the opportunity to fully adjudicate these matters in state court. Moreover, petitioner has not alleged that there was any breakdown in the process afforded to him. Accordingly, the claim must be dismissed.

### b. Discovery Violations

In the second ground of his habeas petition, the petitioner claims that the prosecution violated its discovery demands by not supplying the defense with various reports, and failing to provide the defense with the prosecution's witnesses' statements prior to trial. Pet. ¶ 19(B). Petitioner's alleged discovery violations involve only state law, and do not implicate or purport to run afoul of Brady v. Maryland, 373 U.S. 83 (1963) (holding that due process requires the prosecution to disclose to the defense material, exculpatory evidence). Rather, petitioner's claims stem from C.P.L. Article 240 and People v. Rosario, 9 N.Y.2d 286 (1962) (dealing with pre-trial discovery), and thus do not present federal constitutional questions upon which habeas relief can be granted. See Green v. Artuz, 990 F.Supp.267, 274-75 (S.D.N.Y. 1998); Collins

v. Artus, 496 F.Supp.2d 305, 317-18 (S.D.N.Y. 2007). It is well-settled that state law issues may not be raised on habeas review. See Estelle v. McGuire, 502 U.S. 62, 68 (1991). Because this claim does not raise an issue of constitutional magnitude, it must be dismissed.

### 6. Cumulative Error

Petitioner claims that the aforementioned errors in his criminal proceeding cumulatively deprived him of a fair trial. Pet. ¶ 19(G). The Court has reviewed each of petitioner's claims and has attempted to address them all specifically here. In the event that an error was not specifically addressed herein, the Court avers that it has considered it and found it to be patently lacking in merit. The alleged errors presented by petitioner, taken singly or together, did not "produce[] a trial setting that was fundamentally unfair, thereby depriving him of his constitutional right to due process." Jimenez v. Walker, 458 F.3d 130, 148 (2d Cir. 2006) (citing Taylor v. Kentucky, 436 U.S. 478, 487 n.15 (1978)). Accordingly, this claim for relief is denied.

## IV. Conclusion

For the reasons stated above, Rikki Adams' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of

appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: June 16, 2010
Rochester, New York